IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FORTUNE-HR, LLC,

        Plaintiff,

                                        Case No. 2:25-cv-0931
                                        Judge Michael H. Watson
        v.                          Magistrate Judge Elizabeth P. Deavers

MARSH & MCLENNAN
AGENCY, LLC,

        Defendant.

**OPINION AND ORDER**

      This matter is before the Court on Defendant's Motion to Stay Discovery. (ECF No. 22.) Plaintiff filed a Memorandum in Opposition (Resp., ECF No. 24), and Defendant filed a Reply in Support of its Motion to Stay (ECF No. 25). This matter is ripe for judicial review. For the following reasons, Defendant's Motion (ECF No. 22) is **DENIED**.

**I.      BACKGROUND**

      Plaintiff initiated this suit on August 19, 2025, alleging that Defendant infringed upon its trademarks by using Plaintiff's trademarks "in connection with the provision, administration, marketing, brokering and sale of workers' compensation services." (ECF No. 2.) Plaintiff brings six counts: Count 1, Trademark Infringement in Violation of 15 U.S.C. § 1114; Count II, Common Law Trademark Infringement in Violation of 15 U.S.C. § 1125(a); Count III, Unfair Competition in Violation of 15 U.S.C. § 1125(a); Count IV, Violation of Ohio's Deceptive Trade Practices Act; Count V, Common Law Unfair Competition; and Count VI, Tortious Interference with Contract and Business Relations. (*Id.*) Defendant moved to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, arguing that

Defendant's purported use of Plaintiff's trademarks did not consitute infringement and Plaintiff failed to allege the existence of a likelihood of confusion.  (ECF No. 8.)  That motion is fully briefed and ripe for decision.  (ECF Nos. 15, 23.)

In moving to stay discovery, Defendant argues that Plaintiff's claims fail as a matter of law and are "likely to be dismissed," discovery is not necessary to resolve Defendant's pending Motion to Dismiss, and a stay "would be better serve judicial economy."  (Mot. at PageID 153, 156–62.)  First, Defendant contends that the dispositive issue is whether Defendant used the word "ALLOY" as a trademark and that this is a question of law for the Court decide at the motion to dismiss stage.  (*Id.* at PageID 157.)  Second, Defendant asserts that the communications in which it used the word "ALLOY" were attached to the Complaint and Plaintiff fails to contend that additional discovery is necessary to resolve Defendant's pending Motion to Dismiss.  (*Id.* at PageID 159–61.)  Third, Defendant argues that a "stay would allow the parties to avoid spending time and resources . . ." and would not prejudice Plaintiff.  (*Id.* at PageID 161–62.)

In response, Plaintiff contends that whether Defendant used Plaintiff's trademarks in an actionable manner and caused a likelihood of confusion is a fact-intensive inquiry, not an issue that should be resolved on the face of its Complaint.  (Resp. at PageID 189–93.)  Plaintiff also argues that a stay would prejudice it because Defendant's conduct is causing Plaintiff continuous harm.  (*Id.* at PageID 193–96.)  Finally, Plaintiff asserts that Defendant fails to demonstrate that the burden of discovery would be unduly onerous.  (*Id.* at PageID 196.)  In reply, Defendant reiterates its arguments and contends that Plaintiff "manufacture[s] on-going harm when there is none."  (Reply, at PageID 201.)

## II.  STANDARD OF REVIEW

"A district court has the inherent power to stay proceedings based on its authority to manage its docket efficiently."  *Ohio Valley Bank Co. v. MetaBank*, No. 2:19-CV-191, 2019 WL 2170681, at *2 (S.D. Ohio May 20, 2019) (quotation marks and citations omitted).  District courts have broad discretion to stay discovery.  *Bangas v. Potter*, 145 F. App'x 139, 141 (6th Cir. 2005).  "The Court, however, "must tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay."  *Ohio Envtl. Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977) (citation omitted).  As is the case here, parties routinely move to stay discovery while a motion to dismiss is pending.  *See Shanks v. Honda of Am. Mfg.*, No. 2:08-CV-1059, 2009 WL 2132621, at *1 (S.D. Ohio July 10, 2009) ("This Court has had many occasions, over the years, to address the question of whether a stay of discovery should be imposed during the pendency of a motion to dismiss. . . .").  But "as a general rule, this Court is not inclined to stay discovery while a motion to dismiss is pending. . . ." *Id.*

The movant bears the burden of showing both a need for delay and that "neither the other party nor the public will suffer harm from entry of the order."  *Ohio Envtl. Council*, 565 F.2d at 396.  Nevertheless, the United States Court of Appeals for the Sixth Circuit has recognized that "[l]imitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'"  *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Muzquiz v. W.A. Foote Memorial Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)).  This Court, however, retains broad discretion in determining whether to "stay discovery until preliminary questions which may dispose of the case are answered."  *Bangas*, 145 F. App'x at 141 (citing

3

*Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)).  "At bottom, 'a motion to stay discovery involves a pragmatic decision whether the possibility of saving the time and expense of discovery justifies a delay in proceedings.'"  *Anderson v. Catalina Structured Funding, Inc.,* No. 1:21-CV-197, 2021 WL 9000112, at *2 (W.D. Mich. July 1, 2021) (quoting *Romar Sales Corp. v. Seddon*, No. 1:12-cv-838, 2013 WL 141133, at *2 (W.D. Mich. Jan. 11, 2013)).

## III.    ANALYSIS

This matter does not warrant a lengthy analysis.  The Court concludes Defendant has failed to demonstrate that a stay of discovery is warranted here.  The pendency of Defendant's motion to dismiss under Rule 12(b)(6) does not weigh in favor of granting a stay.  In exercising its discretion, the Court frequently has found that filing a case-dispositive motion is insufficient to grant a stay of discovery.  *Bowens v. Columbus Metro. Library Bd. of Trs.*, No. 2:10-CV-00219, 2010 WL 3719245, at *2 (S.D. Ohio Sept. 16, 2010) (citing *Ohio Bell Tele. Co., Inc. v. Global NAPs Ohio, Inc.*, No. 2:06-CV-0549, 2008 WL 641252, at *1 (S.D. Ohio Mar. 4, 2008)) (denying the defendants' motion to stay discovery despite their pending summary judgment motion).  Indeed, if a motion does not raise an issue "which would be substantially vitiated absent a stay" and there is no showing that the case will "certainly be dismissed" then "a stay should not ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion." *Williams v. New Day Farms, LLC*, No. 2:10-CV-0394, 2010 WL 3522397, at *2 (S.D. Ohio Sept 7, 2010).  The Court has explained the reasons for this approach:

> The intention of a party to move for judgment on the pleadings is not ordinarily sufficient to justify a stay of discovery. 4 J. Moore, *Federal Practice* § 26.70[2], at 461. Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation . . . .  Since motions to dismiss are a frequent part of federal practice, this provision only makes

4

> sense if discovery is not to be stayed pending resolution of such
> motions. Furthermore, a stay of the type requested by defendants,
> where a party asserts that dismissal is likely, would require the court
> to make a preliminary finding of the likelihood of success on the
> motion to dismiss. This would circumvent the procedures for
> resolution of such a motion. Although it is conceivable that a stay
> might be appropriate where the complaint was utterly frivolous, or
> filed merely in order to conduct a "fishing expedition" or for
> settlement value, *cf. Blue Chip Stamps v. Manor Drug Stores*, 421
> U.S. 723, 741 (1975), **this is not such a case**.

*Williams*, 2010 WL 3522397, at *2 (quoting *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40

(N.D. Cal. 1990) (emphasis added)).

That reasoning is applicable here.  Further, Defendant has made no showing that

discovery will be unduly burdensome.  Defendant's argument, directed to anticipated discovery,

relies largely on speculation unaccompanied by any evidentiary showing.  Under these

circumstances, Defendant has not shown that a stay of discovery is appropriate.

## IV.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion (ECF No. 22) to Stay

Discovery.  The temporary stay of discovery is **LIFTED**.  The parties are **ORDERED** to file a

revised Rule 26(f) Report by **APRIL 1, 2026**.  The Cout will reschedule the Preliminary Pretrial

Conference by separate Order.

**IT IS SO ORDERED.**

Date:  March 11, 2026                        */s/ Elizabeth A. Preston Deavers*
                                             **ELIZABETH A. PRESTON DEAVERS**
                                             **UNITED STATES MAGISTRATE JUDGE**

5